FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2005 JUL -6  AM 7: 39

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>BLAKE OF CHICAGO CORP, *et al.*,<br><br>Debtors. | Chapter 11<br>Bankruptcy Case No. 04-12002 (JLP) |
| A.B. DICK COMPANY and<br>PARAGON CORPORATE HOLDINGS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MHR CAPITAL PARTNERS LP,<br>MHR INSTITUTIONAL PARTNERS LP,<br>MHRM LP and MHR FUND MANAGEMENT LLC,<br><br>Defendants, | Adversary Proceeding No. 04-54141<br><br>Civil Action No. 05-00116-KAJ |
| MHR CAPITAL PARTNERS LP,<br>MHR INSTITUTIONAL PARTNERS LP,<br>and MHRM LP,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>N.E.S. INVESTMENT COMPANY;<br>ROBERT J. TOMSICH; JOHN H. FOUNTAIN; A. KEITH DREWETT;<br>JOHN R. TOMSICH; FRANK D. ZAFFINO; GREGORY T. KNIPP;<br>JAMES W. WERT; JOHN KAHL, JR.;<br>DONALD HASTINGS;<br>BROWN, GIBBONS, LANG & COMPANY, L.P. and<br>SQUIRE SANDERS & DEMPSEY L.L.P.,<br><br>Third-Party Defendants. | Adversary Proceeding No. 04-54141 |

FILED
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE
2005 JUL -6  PM 3: 14

## MEMORANDUM ORDER

Before me is a motion to withdraw the reference (Docket Item ["D.I."] 1; the "Motion") filed jointly by third-party plaintiffs MHR Capital Partners LP, MHR Institutional Partners LP, MHRM LP and MHR Fund Management LLC (collectively, "MHR"). MHR's Motion requests that reference to adversary proceeding number 04-54141 be withdrawn from the U.S. Bankruptcy Court for the District of Delaware pursuant to 28 U.S.C. § 157(d). (D.I. 1 at 2.)

On July 13, 2004, A.B. Dick Company and Paragon Holdings, Inc., the parent and sole shareholder of Chicago Corp. ("Debtors" or "Plaintiffs") commenced this adversary action by filing a Complaint seeking the recharacterization of certain notes as equity. (D.I. 75, Bankruptcy Court's record, at 2-3.) MHR Capital Partners LP, MHR Institutional Partners LP and MHRM LP are the holders of those notes. (Id.) On or about January 7, 2005, Debtors served an amended complaint seeking damages for breach of fiduciary duty and equitable subordination of third-party plaintiffs' claims, in addition to their recharacterization claim. (D.I. 2 at 3-4.) On January 17, 2005, the present Motion was filed. (D.I. 1.) On February 14, 2005, the U.S. Bankruptcy Court issued an order in which it determined "that this adversary [proceeding] is a non-core proceeding," reasoning that the final determination to recharacterize debt as equity "still rests on state law principles." (D.I. 85, Bankruptcy Court's record, at 2-3.)

In support of the Motion, MHR argues that (1) judicial economy favors withdrawal of the entire adversary proceeding not just the proceeding related to the third-party

claims,[1] (2) the non-core nature of the claims entitles MHR to a jury trail which cannot be conducted by a bankruptcy court, (3) the proceeding does not present any issues unique to bankruptcy law and (4) that Debtors are not prejudiced by withdrawal of the adversary proceeding to this court. (D.I. 2 at 4-9.)

The Third-Party Defendants contend that recharacterization is a core bankruptcy issue and, therefore, the proceeding should not be withdrawn from the Bankruptcy Court. (D.I. 75, Bankruptcy Court's record, at 2.) Plaintiffs argue that (1) recharacterization is a core matter invoking a bankruptcy courts equitable power, (2) no factual overlap exists between issues raised in the amended complaint and the third-party complaint and, therefore, claims do not need to be tried in the same proceeding, (3) the right to a jury trial on all non-core matters does not necessitate withdrawal of all claims asserted in the amended complaint, and (4) that the motion is premature given the stage of the proceeding. (D.I. 71, Bankruptcy Court's records, at 4-9.)

In determining whether to grant or deny a motion to withdraw the reference, "this Court will consider ... whether withdrawal would serve judicial economy, such as the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources,

---

[1] Third-party defendants N.E.S. Investment Company, Robert J. Tomsich, John H. Fountain, John R. Tomsich, Frank D. Zaffino, Gregory T. Knipp, James W. Wert, John Kahl, Jr., Donald Hasting, Brown, Gibbons, Lang & Company, L.P. and Squire Sanders & Dempsey L.L.P. (collectively, the "Third-Party Defendants") filed an unopposed motion to withdraw the reference. That motion requested that reference of adversary proceeding number 04-54141 as to all claims asserted in the Plaintiffs' Third-Party Complaint be withdrawn from the U.S. Bankruptcy Court for the District of Delaware pursuant to 28 U.S.C. § 157(d). On July 5, 2005, that motion was granted. (Civ. Case 05-00115-KAJ.)

3

and expediting the bankruptcy process." *NDEP Corp. V. Handl-It, Inc. (In re NDEP Corp.)*, 203 B.R. 905, 913 (D. Del. 1996). "Another factor sometimes considered by courts analyzing whether withdrawal is appropriate is whether the parties have requested a jury trial." *Id.* at 908 (internal quotations omitted).

Here, Plaintiffs' and Third-Party Defendants' main argument against withdrawal rests on the assumption that recharacterization is a core proceeding which should remain with the Bankruptcy Court. However, the Bankruptcy Court ruled that this adversary proceeding is a non-core proceeding which rests on state law principles. (D.I. 85 at 3.) More significantly, however, I have ordered that the reference of adversary proceeding number 04-54141 be withdrawn as to all claims asserted in the Third-Party Complaint and, therefore, judicial economy favors withdrawal. Because it is conceded that MHR is entitled to a jury trial, it appears more efficient for this court to manage the entire case through the pretrial process. *Cf. NDEP*, 203 B.R. at 913 (quoting *Gumport v. Growth Fin. Corp. (In re Transcon Lines)*, 121 B.R. 837, 838 (C.D. Cal. 1990)) ("Due to the fact that a District Court Judge must eventually preside over the jury trial in this matter, it would constitute a tremendous waste of judicial resources to permit the bankruptcy judge to continue to maintain jurisdiction over the issues presented in this litigation.").

Accordingly, IT IS HEREBY ORDERED that MHR's Motion to withdraw reference (D.I. 1) is GRANTED and the entire reference of the above Adversary Proceeding Number 04-54141 is WITHDRAWN.

July 6, 2005
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE